WRIGHT, J.
The law, under which these proceedings were had authorizes unmarried women residing in Ohio, who shall be pregnant with, or have been delivered of an illegitimate child, to institute proceedings against the father, for its maintenance and support, not for damages to the prosecutor. The law provides, that if the jury find him guilty, he shall be judged the reputed father of such child, and stand charged with the maintenance thereof, in such sum as the court shall order, &c., and the court shall require of him security to perform the order, and if he refuse to give it, he must be committed, &c.
This prosecution is quasi criminal, but not strictly so, and if conducted in the name of the state at all, it should appear to be on the relation or complaint of the real party. Wo think it would be more proper to carry on the suit in the name of the party complaining. As none but an unmarried woman resident in the state, can commence and carry on the prosecution, the fact of the pros *583 ■«cutor being unmarried should be set forth, to show the jurisdiction -or authority of the court to proceed, and we hold the omission fatal.
The finding of the jury here does not conform to the statute. It Is not that the defendant is guilty of being the father of the child, but that he is the reputed father; the fact is left where the jury found it, though they say reputation has fixed the child upon him. *There is no judgment of the court on the finding, but only [566 a simple order to pay a gross sum, for what purpose is left to conjecture; nor is there any order for security, or of commitment, but ■an award of execution. There are abundant errors here to reverse the order, if we have the case.
There is no citation served on the party in interest. The state is no ways interested m the order, or privy to it. Its attorney declines to appear. We must quash the writ, unless the plaintiff prefer a continuance, in order for a new citation. The cause was then •continued.